George v. Wilkie, 18-1736. Mr. Kropick, are you reserving five minutes of your time for rebuttal? Yes. You may proceed. May it please the Court, Kenneth Carpenter appearing on behalf of Mr. Bobby George. Section 3.156C of Title 38 of federal regulations was misinterpreted by the Veterans Court when it failed to recognize that the VA, upon receipt of relevant service department records, was required, that had not been associated with the claims file, was required to immediately reconsider Mr. George's 1997 claim. Mr. Carpenter, it seems to me that your argument is less an interpretation of 3.156C1 than it is the application of that regulation to the facts. Respectfully, Your Honor, I... I question whether we have jurisdiction to hear your case. I disagree because the Veterans Court relied upon an interpretation of 3.156C that the Board had applied the correct legal principles underlying that regulation. In order to apply the correct legal principles, as the Court found the Board did in the decision that was on appeal to the Veterans Court, they necessarily had to interpret those regulations and the legal principles that they found had been correctly applied. So this is not a question of application of law to fact. This is a question of interpretation of those legal principles that are articulated in 3.156C. And those legal principles require that the VA, immediately upon receipt of relevant service department records that had not been previously associated with the Veterans Claims File, is required to reconsider the original claim. That's not what happened here. So is that your theory of cue now, that 3.156 requires a complete reconsideration of the claim when service records are newly associated? That is the, excuse me, that is the allegation of clear and unmistakable error that we made. Where did you make that allegation to the Board? Veterans Court, excuse me, that the Board in its 2014 decision did not correctly apply 3.156C when it remanded the case back for a medical opinion. Right. Where in your August 2015 motion, cue motion to the Board, did you make that theory? We made it in the motion. We did not... Where? Because to follow up on Judge Hughes' question, it looked like you identified three specific possibilities of cue. And none of them are articulated in the way you articulate them now. And so the concern is that there's a jurisdictional problem in light of our Andre case.  What I was attempting to say was, is that we articulated the basis of cue, the clear and unmistakable error allegation, as the failure to correctly apply. We did not articulate in that request for revision the specific arguments that are being made now. Well, aren't you barred? I mean, cue is a different beast than a direct review. If you had made these in a direct review from the final 2014 Board decision, they might be lied. But in cue, doesn't our precedent and the Veterans Court precedent require you to set forth the factual and legal basis for your cue claims with specificity? Yes, it does, Your Honor. And I'm suggesting that the allegation that 3.156C was not correctly applied by the Board is a sufficient articulation. That's not good enough. That's a general allegation that this regulation wasn't properly applied. You had three specific examples of why it wasn't properly applied. Now you're arguing a fourth, but that wasn't included. Let me ask you this. I know you disagree. You think that the broader allegation is enough. If I disagree on that legal point, you didn't raise this specific argument to the Board. And if that's correct, under our Andre precedent, wouldn't the Veterans Court have lacked jurisdiction to hear that argument as a cue claim? That would be correct, Your Honor. Okay. I mean, I'm not trying to trick you. I know you disagree with the level of specificity, but I appreciate your candor answering the hypothetical. And I think that that's important here, Your Honor, because what we're reviewing here is not the allegation that was made. What we're reviewing here is the decision that was made by the Board, or excuse me, by the Veterans Court. Sure, but if the Veterans Court didn't have jurisdiction, the fact that they went ahead and heard your argument doesn't relieve the jurisdictional bar. It does not, Your Honor. Can I ask you a different question? If I could just digress to Andre. I was also counsel in Andre. Yes, I know. Andre, the allegation was completely different than the allegation that had been made and decided by the Board. That's not the case here. Now, you're correct that you can interpret Andre to require the much more sophisticated level of allegation than is required. But this is not an Andre shift from one theory to another. The theory remained the same, that the Board did not correctly apply 3.156C. Okay, I get that. I'm a little confused as to what relief you're asking for here. Because again, I mean, I know you full well understand this is acute case where generally what happens is you show some mistake of fact or some mistake of law that entitles you to a specific form of relief. Usually benefits or something like. I don't understand what you're asking for here. Well, the relief that we're seeking is a remand with instructions to the Veterans Court to re-adjudicate this under the proper interpretation of the legal principles under 3.156C.  Okay, so even if they did that, here's my problem. There's already a decision out there under 3.156C that even with the newly associated service records, the effective date is, let me look to make sure I get this right, September 2003. And that's based upon that being the first diagnosis of PTSD in the record. That's correct. And in acute case, we look at the record, don't we? So even if we send it back, the Board can't go beyond the record in acute case. No, but the Board. They're going to look at the record and they're going to have the same fact finding and that this is the earliest diagnosis of onset of PTSD. That may be wrong, but that's what we have in the record. So what effective date can you get earlier than September 2003? It's not a question of getting an earlier effective date. It's a question of getting the benefit of the Secretary's regulation. The Secretary's regulation under 3.156C is fundamentally different than the Secretary's regulation under 3.156A. And this case was only adjudicated under A. It was never adjudicated under C. I fully follow your argument. I think you might have a different result if we were in a direct review case. But again, given that in acute case we can't go beyond the already existing record, what's going to happen that will change, even if you get the benefit of a different level review under 3.156C, when you have in the record the only diagnosis of PTSD is September 2003? Because it is not the diagnosis that controls the outcome. What controls the outcome is the reconsideration that is mandated by 3.156C, a reconsideration that was never afforded to Mr. George. That, to me, doesn't tell me anything about what relief you're expecting to get. Based upon that reconsideration, because this is all about effective date, right? He has a service connection now for PTSD. So what are you trying to get from this reconsideration? No, Your Honor, I am not. That certainly is Mr. George's ultimate goal. Make no mistake about that. The relief that Mr. George seeks is the relief that he was entitled to in 2007. Right, but what I'm asking is, if we give you that relief, when you go back to the board, what are you going to do and what are you going to argue? I'm going to argue to the board that the board erred in 2014 when it remanded without instructing the agency of original jurisdiction to reconsider. The remand order that they made in 2013 was to simply get a psychiatric opinion about the date of onset. That is relevant under 3.156A. So when you make that argument, what are you going to tell the board to do as a result of that error? All the board has to do is to vacate the 2014 decision and order the agency of original jurisdiction in accordance with 3.156C to reconsider, to adjudicate anew the original claim in 1996, or excuse me, 1997 of Mr. George. You mean based on an entirely new record? No, based upon the record as it existed in 2007 when the VA received the Supplemental Service Department. Well, and that's the problem. Is there a document you can point me to in the existing record that would establish anything to show that he has an earlier diagnosis of PTSD? We're going to go through all this process and come back around to the August 2007 VA diagnosis of Mr. George with PTSD that dates it back to October 2003 for which they somehow gave him effective date back to September 2003. That diagnosis was made based upon an adjudication under 3.156A. The earliest possible effective date under 3.156A was the date of the original claim. That remand served no purpose under 3.156C because 3.156C requires an adjudication effective in 2007. And in 2007, they vitiated the finality of the 1998 decision that made the original denial. That original denial was based upon the fact that he didn't meet the diagnostic criteria because he didn't have a verified stressor. The new service department records verified the stressor. But the stressor stuff is beside the point. There's still no diagnosis of the underlying condition except for the diagnosis that puts it in 2003. And there was no diagnosis because of the administrative error made by the VA. Look, I get you. If we were on direct review, you might have an avenue to extend this all back with a new medical evaluation that might predate it past 2003. But in a Q case, we can't go beyond the record. You keep saying all this stuff, but I don't see a path for you based upon the record to get it back past 2003. Your Honor, if your analysis is correct, then there is no effective remedy for Mr. George. Mr. George has no remedy under your interpretation of Q. Now, I suppose the other possibility— But there are some types of errors that aren't remediable under Q. A failure of the duty to assist, as you know, can't be cured under Q. Process things that don't change the outcome are not remediable under Q. They may be remediable under a direct review. That's the point. But Q is a collateral attack on finality, and it has to be very narrowly expressed, and it has to dictate a specific outcome. So you're right. It may be that the error here, if there is an error in the way the VA applied 3.156C, is not remediable. But that's a result of the Q standard, not of the VA's interpretation, isn't it? No, Your Honor, because 3.156C, as interpreted by the Secretary when he published the amendment in 2006 to this regulation, described it as remedial, described it as entire—that the purpose was to correct the administrative error. This Court, by adopting the contrary view, precludes the implementation of the intent of the Secretary in 3.156C. 3.156C in this case was never used. All that was used was 3.156A. The attempts to pretend that 3.156— I guess I'm a little lost, because I don't know what tool you want the VA and the Board to pick up and use that they didn't use before. I mean, you're saying that, oh, this was all done under Regulation X. It should have been done under Regulation Y, and so I want it done under Regulation Y. And I'm trying to locate what's the difference here. The difference is— What did they not do that they were supposed to do specifically? And don't say a regulation name to me. They failed to reconsider when they received the relevant Service Department records in 2007. They proceeded with a reopening. A reopening is a different— What if I disagree? What if I say, like the 2013 BVA remand said, I want the VA to look at every possible record that exists. I want you to ask Mr. George for all records he might have. I want this retroactive medical exam to take place. All of that came in. Anything that was available came in, and there was an evaluation. You don't want to call that a reconsideration. I get that, but I don't understand why, as a practical, functional matter, there wasn't an actual re-evaluation, a reconsideration of this particular veteran's possibility of having had onset of PTSD before 2003 in that circumstance. Because 3.156E was not created by the Secretary. Now, what didn't happen that was supposed to happen as a practical, functional matter? An adjudication under 3.156E of the original— Why wasn't what happened an adjudication? Because it didn't— There was an evaluation of all of these records, that 2007 report about the stressor. There was the medical retrospective exam. They took all that into account. They made a certain finding. Why is that not an adjudication? Because they— What more needed to be done to then clear the bar to be an adjudication? Because they didn't do it in the first instance, and they didn't do it correctly when they attempted to apply 3.156E after they failed to apply it. The board, in its 2013 remand, never mentioned 3.156E. It never directed— If they had mentioned 3.156E, then it would make all the difference? Because had they mentioned it, then what would have been re-adjudicated, what would have been reconsidered, would have been the 1997 claim. The 1997 claim has never been reconsidered. The 1997 claim was not reconsidered. What was reconsidered was the onset date of the award of—or the diagnosis of— You're almost out of your complete time. I'll restore some of your rebuttal time. May it please the court, at Appendix 97 and 98 is the 2013 remand order, and they specifically, paragraph by paragraph, lay out everything that Your Honor, Judge Chen, just noted should be done under reconsideration. What's the appendix number for that? 97 to 98 is the specific part of the remand order in 2013, where the board directed the regional office to obtain all additional evidence, get a retrospective medical opinion, and then in paragraph five, after ensuring that the record is complete, the claim should be re-adjudicated. So even if we were to remand, is there anything different that the board could do? No. Your Honor, the best I can suss out from the blue brief is that, whereas the focus previously used to be on the lay testimony, Mr. George is hoping that additional development, additional duty to assist work, might provide some better foundation for the lay testimony of PTSD going back to 1997. You mean new? Yes, Your Honor. I thought your friend just agreed that it had to be on the record. He did, when pressed by Your Honor. But in the brief, that's the only thing that seems to be identified as what could be different if it was remanded again. And so that's the reason why we note that that allegation of Q is a breach of the duty to assist, which cannot be Q under Cook, obviously. As I understand it, he seems to be arguing that the 1997 claim needed to be reconsidered, and that didn't happen. All that happened was trying to figure out whether the date of 2003 should be moved back to 1997, and that's some kind of important distinction with a difference. I'm not sure I understand. I mean, in the 2014 board decision, they viewed 1997 as the date of claim, which they're required to under 3.156C3. They looked at all the evidence, including the retrospective medical opinion, to determine whether or not there was any evidence of PTSD prior to the date that he had previously been assigned. They found that there wasn't any, and so there was no basis under C4. There was no adequate medical support for a retroactive disability evaluation back to 1997. It's unclear what additional reconsideration of the 1997 claim could have taken place. I think by trying to characterize the remand… Except further assistance. Further assistance, sure. I mean, this is an interesting issue if it had been a direct review. He may not be right about his arguments about what 3.156C requires us to, but that's what I get that once you newly associate a previous service record that should have been associated in the first place, you don't just look back and do new medical examinations. You basically start over, which could require new medical evidence or the like. Except that in this instance, they did get a medical opinion after the newly associated service department records led to the confirmation of the in-service stressor. So there is further… And that's what the board found the duty to assist had been satisfied here. So although it touches on possibly interesting issues… Is that the 2007 VA exam you're talking about? Yes, Your Honor. That is October 2007. It's at Appendix 42 to 46. So they did additional work to reconsider the merits, which is what's required under C1. But that's not a new medical opinion after the 3.156C remand. That's before. Right, I'm saying… I guess what I'm thinking is his argument, once you get the 3.156C remand, you get another new medical opinion. But they did, right? They got the retrospective medical opinion following the 2013 remand where the VA psychologist in April of 2013 said he couldn't. And they said to him, please submit whatever additional records may exist to support your… I don't need to go down this rabbit hole too much because I think even if that were permissible, it would only be permissible in a direct review, not an acute case. Can I ask you… I am a little curious about your response to his Andre argument and about what exactly is the level of specificity you need to raise in a revision motion? Right, well, I mean, the board's regulations say it needs to be specific allegations required. The motion must set… This is, sorry, 38 CFR 20.1404. And it must be set forth clearly and specifically the alleged clear and unmistakable error or errors, the fact or law, and why the result would have been manifestly different. Mr. Carpenter recognized the requirements of that and Andre in providing a very specific set of errors with respect to the treatment of the lay testimony. In his reply here, he says that his general allegation was inextricably intertwined within that. There's no precedential support for that sort of backing out a general allegation from specific allegations. I can't think of a case where that sort of argument has even been addressed because usually it's a generic allegation of Q. And is it clear that this is a jurisdictional requirement and not just an exhaustion requirement? Well, I think it is clear because 7252 says the Veterans Court can't review decisions that… They can only review decisions by the board. And if the board was never tasked with deciding whether 3.156C was applied at all, which appears to be what the Q allegation is here, and in fact, in his specific Q allegations, he says when 3.156C was applied, it was applied incorrectly with respect to the lay testimony and the standard was used. The board never made a decision on this, the question that the Veterans Court was tasked with facing. And so 7252 should have precluded the Veterans Court from considering that question, so that is jurisdictional. So as a practical matter, did the Veterans Court consider… Did he raise any of his original Q arguments to the Veterans Court and did they consider them? I don't believe so, Your Honor. The record doesn't have his brief to the Veterans Court, but certainly there's no discussion of the standards that were applied by the board to the lay testimony. The stuff about lay testimony and the heightened standard for medical… Right, none of that's in the Veterans Court. So they clearly viewed this as just the question that's currently… So in your view, then, the relief you're asking for is for us to vacate and remand the Veterans Court decision and order them to dismiss it for lack of jurisdiction rather than us dismissing it for lack of jurisdiction? I think that would be proper, Your Honor. I mean, I hate to do it in the sense that there's not a ton of precedent that really spells out all the various parts of 3.156, and I don't think there's any error in the discussion in the Veterans Court of what's required under 3.156, but I think the right remedy would be to vacate and remand with instructions. And is that because, again, because it's a jurisdictional requirement so the Veterans Court couldn't waive the right or the responsibility to raise it in a key motion? That's right, Your Honor. So, go ahead. Why didn't the VA raise this jurisdictional issue to the Veterans Court? I don't have an answer. I think they dismissed that it wasn't the specific allegation that had been made. But again, subject matter jurisdiction can't be waived. If we vacate and remand, would we have to make some sort of interpretation of our opinion in Andre? I think, yes, to the extent that – I don't think it would be an interpretation, it would be an application. Whereas here, there were three specific allegations of Q. A different allegation was raised here, and under Andre, there can't be a new Q claim raised later on. If you don't disagree, then we could outright dismiss. I mean, it is certainly within the Court's power to dismiss, yes, Your Honor. Unless the Court has any further questions, we'd ask the Court to vacate and remand. We have your argument. Thank you. Mr. Karpke, I'll restore you back to two minutes. If I could deal with one substantive matter and then a matter dealing with the remedy. I'd like to direct the Court's attention to the language of the original version of 3.156C. In the original version of 3.156C, it does not refer to claim. What it says is, is that the former decision will be reconsidered by the adjudicating agency of original jurisdiction. That term, decision, or former decision, was taken out of the amendment when it was amended and the reference was made only to claim. Our assertion is that the remand in 2013 never addressed the re-adjudication of the 1998 decision, which really requires, under the new language, the re-adjudication of the 1997 claim. Notwithstanding the reference by the government to the text of that remand order, there is no specific reference to re-adjudicating the 1997 claim. Having said that, assuming that the Court is going to dispose of this matter without reaching the merits, I would urge on Mr. George's behalf that this Court take up the government's argument and send this back, as the government suggests, because in so doing, by vitiating the decision of the Board, it allows for Mr. George, in my view, to proceed further in this matter, based upon the fact that the matter was never reviewed and affirmed by the Court. So you could raise a new Q claim? That's correct. Preserving this challenge? That's correct. Okay. Thank you very much. Thank you.